UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                       Plaintiff, <br> v. <br> PEGGY RITCHEY (3), <br>                       Defendant. | Case No.: 17cr1447-WQH <br><br> **ORDER** |

HAYES, Judge,

      On November 21, 2022, Defendant Peggy Ritchey filed a Motion to Modify Terms of Supervised Release, requesting "an Order modifying the terms of her supervised release to allow her to have regular contact with Samantha Flores Ramos, 17-cr-02023-BEN, USM #62508298." (ECF No. 204 at 1.) Defendant Ritchey asserts that she met Ramos "while serving custodial sentences in Victorville, Ca.," and Defendant Ritchey, "a certified fitness trainer, took Ms. Flores under her wing and began supervision [of] her training, with an eye toward her competing in bodybuilding contests." *Id*. Defendant Ritchey asserts that she now resides in Las Vegas with the consent of U.S. Probation, and Ramos, who is on supervised release in San Diego, "would like to move to Nevada to continue their relationship." *Id*.

      On December 16, 2022, Plaintiff United States of America filed a response in opposition to the Motion to Modify Terms of Supervised Release. (ECF No. 209.) The

United States asserts that Ramos is a felon who was convicted in the Southern District of California on May 24, 2018, for violating 18 U.S.C. §§ 952 and 960 – Importation of Methamphetamine. The United States asserts that Ramos was released from Bureau of Prisons custody on January 17, 2020, and is scheduled to be on supervised release until January 16, 2025. The United States asserts that Defendant Ritchey is currently being supervised by U.S. Probation in the District of Nevada and that Defendant Ritchey's probation officer issued the following statement in opposition to the Motion to Modify Terms of Supervised Release:

> Since being on supervision in Nevada, Ritchey has maintained compliance with the terms of supervision. While Ritchey has not displayed any non-compliant behavior at this point, the undersigned does not feel that Ritchey has been supervised long enough in this District to grant a request for her to associate with another convicted felon. Should Ritchey continue to maintain compliance and stability while in Nevada, the District of Nevada will entertain this request at a later date. It should be noted that Ritchey's underlying offense is a conspiracy charge. Ritchey and five (5) other individuals conspired and planned to distribute a significant quantity of methamphetamine.
>
> At this time, the District of Nevada is not in agreement to allow Peggy Ritchey and Samantha Flores Ramos the permission to associate. Additionally, the District of Nevada would request that Ritchey's conditions remain and not be modified….

*Id*. at 3. The Government opposes Defendant Ritchey's request because "Defendant has been on supervised release in the District of Nevada for only a relatively short period of time"; "Ramos has no known ties to the District of Nevada"; and "both Defendant and Ramos were previously convicted for controlled substance violations," and the "common nature of their convictions supports the inference that caution, at the very least, should be exercised when allowing these two individuals to freely associate while on supervised release." *Id*. at 4.

On December 26, 2022, Defendant Ritchey filed a reply. (ECF No. 210.) Defendant Ritchey asserts that she "is not seeking to modify the terms of her supervised release to allow her to have contact with all, or any, felons, just that as far as this Court is concerned,

she can have regular contact with one that she befriended in prison: Samantha Flores Ramos, 17-cr-02023-BEN, USM #62508-298." *Id*. at 1.

Defendant Ritchey's terms of supervised release state that "the defendant shall not associate with . . . any person convicted of a felony, unless granted permission to do so by the probation officer." (ECF No. 161 at 3.) The Court takes judicial notice of the fact that the terms of Samantha Flores Ramos's supervised release contain the same condition. *See United States v. Samantha Flores Ramos*, 17-cr-02023-BEN, ECF No. 37 at 3. Defendant Ritchey asserts that "Ms. Ramos is pursuing a similar modification [of the condition prohibiting association with felons] from her District Judge." (ECF No. 210 at 1 n.1.) However, the docket in *United States v. Samantha Flores Ramos*, 17-cr-02023-BEN, reflects that there have been no filings since Ms. Ramos was sentenced in May of 2018.

Based upon the current record, the Court declines to modify Defendant Ritchey's conditions of supervised release.

IT IS HEREBY ORDERED that the Motion to Modify Terms of Supervised Release (ECF No. 204) is denied.

Dated: January 13, 2023

Hon. William Q. Hayes
United States District Court